In the Matter of the Application for DISCIPLINARY ACTION AGAINST George T. QUALLEY, a Member of the Bar of the State of North Dakota.

**DISCIPLINARY BOARD, Petitioner,**

v.

**George T. QUALLEY, Respondent.**

No. 950281.

Supreme Court of North Dakota.

Sept. 13, 1995.

## ORDER OF REPRIMAND

On July 22, 1992, the Supreme Court of Iowa reprimanded George T. Qualley for entering into a business relationship, for profit, with a client without fully advising the client concerning their conflicting interests or obtaining the client's informed consent in violation of DR 5–104(A), which requires disclosure in such situations. Qualley was also reprimanded for mishandling a retainer entrusted to him for the purpose of securing a South Dakota attorney to represent this same client in a bankruptcy proceeding in South Dakota. The retainer was deposited into a joint account held by Qualley and the South Dakota attorney secured to represent Qualley's client. Later, Qualley withdrew money from this joint account for debts owed to him by the South Dakota attorney. These actions violated DR 7–101(A)(3), providing that a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship, and DR 9–102(A), mandating the deposit of retainers into identifiable interest bearing trust accounts. See, *Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Qualley,* 487 N.W.2d 327 (IA 1992).

Disciplinary Rules 5–104(A), 7–101(A)(3), and 9–102(A), North Dakota Code of Professional Responsibility (NDCPR), in effect in 1986, are comparable to the rules violated by Qualley, resulting in his reprimand by the Iowa Supreme Court. Rule 5–104(A), NDCPR, requires that a lawyer not enter into a business transaction with a client unless the client consents after full disclosure; Rule 7–101(A)(3), NDCPR, requires that an attorney not prejudice or damage his client during the course of a professional relationship; and Rule 9–102(A), NDCPR, requires

that client funds be deposited into an identifiable bank account.

On March 15, 1995, Vivian E. Berg, Disciplinary Counsel, notified the Disciplinary Board under Rule 4.4, North Dakota Rules for Lawyer Discipline (NDRLD), that Qualley was reprimanded by the Supreme Court of Iowa. On May 16, 1995, Qualley responded to the notice, waiving the 30–day time period to inform the Disciplinary Board of any reason why imposition of identical discipline would be unwarranted and further indicating that there is no reason why identical discipline in North Dakota would be unwarranted.

The Disciplinary Board considered the matter at a regularly scheduled meeting on August 18, 1995, and filed its Report with the Supreme Court on August 28, 1995. The Disciplinary Board recommended to the Supreme Court that Qualley receive identical discipline of a reprimand. The Court considered the matter, and

ORDERED, that Respondent Qualley be reprimanded under Rule 4.4(D), NDRLD.

/s/ Gerald W. Vande Walle
GERALD W. VANDE WALLE
Chief Justice

/s/ Herbert L. Meschke
HERBERT L. MESCHKE
Justice

/s/ Beryl J. Levine
BERYL J. LEVINE
Justice

/s/ William A. Neumann
WILLIAM A. NEUMANN
Justice

/s/ Dale V. Sandstrom
DALE V. SANDSTROM
Justice